IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTHA PERALTA, as Personal Representative of the Estate of Herazo Francisca-Ayala, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> CHURCH MUTUAL INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case Number CIV-10-414-C ) ) ) ) ) ) |

## **MEMORANDUM OPINION**

Plaintiff represents the estate of a person killed when the driver of a church van insured by Defendant fell asleep. Plaintiff, representing Ms. Ayala's estate, contacted Defendant about any policy provided by Defendant which would provide coverage for the van, including a request for information regarding the availability of uninsured/underinsured motorist coverage ("UM/UIM"). According to Plaintiff, Defendant never responded to this request. Plaintiff filed a lawsuit alleging breach of contract and bad faith arising from Defendant's failure to respond. Defendant has now filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging Plaintiff's Complaint fails to adequately plead a claim for relief.

The Supreme Court's recent rulings in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009), have undoubtedly altered the landscape of pleading. However, the extent of this change has led to a rash of challenges by defendants who now routinely argue a plaintiff has failed to plead sufficient

facts. Most of these motions lack merit and reflect either a fundamental misunderstanding of the applicable law or a desire to simply generate additional paperwork for the parties and the Court. The present motion is clearly within this category. Defendant's challenge fails to offer any meaningful argument that Plaintiff has failed to state a claim. Rather, Defendant argues about whether or not it has engaged in bad faith. Of course that question is one of the reasons for the present lawsuit and will likely be decided based on an evaluation of the facts of the case. A motion to dismiss is not the proper vehicle for a factual challenge and nothing in the Supreme Court's decision suggests otherwise.

Upon review of the Complaint, the Court finds Plaintiff has adequately set forth facts which, if proven, would state a claim for relief. Therefore, Defendant's motion will be denied.

For the reasons set forth herein, Defendant's Motion to Dismiss (Dkt. No. 5) is DENIED.

IT IS SO ORDERED this 16th day of June, 2010.

ROBIN J. CAUTHRON
United States District Judge